THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT REYST

        Plaintiff,

vs.

Case No. 06-15468

HONORABLE MARIANNE O. BATTANI
HONORABLE STEVEN D. PEPE

ERIC LANIS

        Defendant.

_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DKT. #3)

On December 11, 2006, Plaintiff filed his Motion for Appointment of Counsel in which he seeks court appointed counsel (Dkt. #3). All pretrial matters were referred to the undersigned on December 18, 2006 (Dkt. #7). For the reasons indicated below, IT IS **ORDERED** THAT Plaintiff's Motion for Appointment of Counsel is **DENIED.**

Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small

likelihood of success.  *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).  Based on several considerations, Plaintiff's claim is denied.

Plaintiff's complaint alleges that Plaintiff is being refused proper mental health treatment and was refused proper mental health treatment from the period of April 26, 2005, to present (Dkt. #3).  The factual issues raised by Plaintiff are clear and straightforward.  Plaintiff has demonstrated in his complaint and subsequent filings that he understands the legal issues and can present these issues to a Court in a satisfactory manner.  Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court.  This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment.  Their services must be carefully rationed to the most appropriate cases.

Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.  Defendant has filed a motion for summary judgment (Dkt. #10).  Plaintiff is **barred** from bringing any further motions on appointment of counsel until after rulings on any dispositive motions, including Defendant's motion for summary judgment.  Appointment of counsel may be reconsidered at that time.

**SO ORDERED.**

Date: February 20, 2007                                        s/Steven D. Pepe
Ann Arbor, Michigan                                            United States Magistrate Judge

CERTIFICATE OF SERVICE

  I hereby certify that on February 20, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Julia R. Bell, Esq., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Scott Reyst, #223705, Standish Maximum Correctional Facility, 4713 W. M-61, Standish, MI 48658

                s/ James P. Peltier
                James P. Peltier
                Courtroom Deputy Clerk
                U.S. District Court
                600 Church St.
                Flint, MI 48502
                810-341-7850
                pete_peliter@mied.uscourts.gov