THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT REYST,

        Plaintiff,                        Case No. 06-15468

vs.
                                          HONORABLE MARIANNE O. BATTANI
                                          HONORABLE STEVEN D. PEPE

ERIC LANIS,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. #23)**
**AND**
**ORDER STAYING DISCOVERY**

On April 16, 2007, Plaintiff filed his motion to compel discovery (Dkt. #23). Defendant responded on May 1, 2007, arguing that the Court should deny Plaintiff's motion to compel discovery and issue an order staying discovery. All pretrial matters were referred to the undersigned on December 18, 2006 (Dkt. #7). For the reasons indicated below, it is **ORDERED** that Plaintiff's motion to compel is **DENIED** and discovery is hereby **STAYED** pending the resolution of Defendant's motion for summary judgement.

Plaintiff requests in his motion to compel that Defendants provide him with his Michigan Department of Corrections ("MDOC") medical records from April 1992 until April 10, 2007, to demonstrate the existence of his alleged long-standing history of depression and his claim that he was not properly treated. Defendant has moved for summary judgment based on the absence of a genuine issue of material fact and immunity and submitted copies of the all medical records

1

related to his assessment of the Plaintiff's mental health status when he saw him in 2005 (Dkt. #10). On February 28, 2007, Plaintiff filed his response to the motion and submitted copies of medical records from 1991, 1993, 1997, 1998 and 2001 (Dkt. #16).[1]

The philosophy behind the doctrine of qualified immunity "is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Vaughn v. United States Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir.1995) (internal quotation marks omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816). Such burdens include "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.* Moreover, "[t]o avoid imposing needless discovery costs upon government officials, the determination of qualified immunity must be made at an early stage in the litigation." *Id.*

In *Mitchell v. Forsyth*, the Supreme Court found that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). *See also, Turner v. Scott*, 119 F.3d 425, 428 (6th Cir.1997) ( "The question whether the uncontested facts demonstrated a constitutional violation is a pure question of law-and one from which an immediate appeal can be taken where qualified immunity has been denied."); *Sanderfer v. Nichols*, 62 F.3d 151, 153 n. 2 (6th Cir.1995) ("the plaintiff's version of events, regardless of the sufficiency of the supporting evidence, does not state a claim"). Finally, it is clear that before addressing the substance of a claim of qualified immunity, the court must first

---

[1] Plaintiff was granted an extension of time to file his response to Defendant's motion (Dkt. #15).

determine whether the plaintiff has stated a claim of a constitutional violation at all. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999) (holding that the court evaluating a claim of qualified immunity must first determine whether the plaintiff states a claim of a constitutional violation at all, and then must determine whether the claimed right was clearly established, before proceeding to the qualified immunity question).

Rule 56 requires that once a motion for summary judgment is made and is supported as required in Rule 56(c), the adverse party cannot rest solely on the allegations made in his pleadings. Rather, he must set forth by affidavits or otherwise specific facts showing that there is a genuine issue for trial. Fed. R.Civ. P. 56(e); *Arnett v. Myers*, 281 F.3d 552, 559 (6th Cir.2002). It would therefore normally be improper to prohibit Plaintiff access to any discovery that might allow him to set forth facts showing that there is a genuine issue for trial. Yet, Plaintiff filed his response to Defendant's motion for summary judgment prior to his filing of the present motion to compel. Defendant has not filed a reply brief and it is therefore assumed that briefing is concluded on Defendant's motion for summary judgment. The issues to be decided at this juncture are whether Defendant enjoys Eleventh Amendment immunity in his official capacity and qualified immunity in his individual capacity. In accordance with the above cited case law, it is thus appropriate to stay discovery until Defendant's dispositive motion concerning defenses of immunity are decided

Therefore, it is **ORDERED** that Plaintiff's motion to compel is **DENIED**. It is **FURTHER ORDERED** that discovery is stayed pending the resolution of Defendant's motion for summary judgment. The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

3

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Date: May 25, 2007  s/Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge


CERTIFICATE OF SERVICE

     I hereby certify that on May 25, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Julia Bell., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Scott Reyst, #223708, Alger Maximum Correctional Facility, P.O. Box 600, Munising, MI 49862

s/ James P. Peltier
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peliter@mied.uscourts.gov